985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric BOBBITT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael BOBBITT, Defendant-Appellant.
 Nos. 91-50289, 91-50294.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.
Decided Jan. 26, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-90-0582-RG-3, No. CR-90-0582-RG-2, Richard A. Gadbois, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before WALLACE, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric and Michael Bobbitt appeal their convictions for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 I.
 THE SUBSEQUENT DRUG DEAL
 
 3
 Both Eric and Michael argue that the court erred in admitting evidence of an attempted drug deal between the agent and Willie Bobbitt, the defendants' father. When Willie had trouble with his supplier, he referred the agent to Michael. The deal did not take place as agreed because Michael was being detained by sheriff's deputies searching the house of his girlfriend (now wife).
 
 
 4
 "The district court's decision to admit evidence of other bad acts is reviewed for abuse of discretion." United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991).
 
 
 5
 Michael Bobbitt argues that the evidence was inadmissible as to him under Fed.R.Evid. 404(b) and 403. The Government counters that the evidence was admissible because it was offered to show Michael Bobbitt's predisposition to commit the crime. Where entrapment is in issue, evidence of other crimes is admissible under Fed.R.Evid. 404(b) to prove predisposition if (1) the other act is "similar and close enough in time to be relevant, (2) the evidence is clear and convincing, and (3) the probative value of the evidence outweighs any potential prejudice." United States v. Simtob, 901 F.2d 799, 807 (9th Cir.1990); see also Ayers, 924 F.2d at 1473.
 
 
 6
 In the present case, the first two elements are met because the act took place shortly after the events of indictment, involved the same substance, price and parties, and was affirmed in Michael Bobbitt's own testimony.
 
 
 7
 The third element, which incorporates Fed.R.Evid. 403, is also met. Evidence of an identical drug deal is highly probative of Michael Bobbitt's predisposition to commit the charged crime. As the Supreme Court noted in Sorrells v. United States, a defendant who raises an entrapment defense "cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense." 287 U.S. 435, 451-52 (1932). As for prejudice to Michael, any harm arising from the implication that Michael's father and wife were involved in cocaine trafficking was rendered harmless by the court's jury instructions that "[t]he defendants are not on trial for any conduct or offense not charged in the indictment," "the Bobbitt family is not on trial," and "[y]ou are not to consider anything said in [the conversations between Willie Bobbitt and Officer Wallace] for the truth of what was said."
 
 
 8
 Eric argues the evidence was irrelevant as to him and was more prejudicial than probative under Federal Rule of Evidence 403. The evidence was relevant to show Michael's predisposition to commit the crime to overcome his defense of entrapment. The potential prejudice as to Eric was mitigated by the court's instruction at the close of the case that the jury should not consider the telephone conversations between the agent and Willie "in any way whatsoever against Eric Bobbitt."
 
 
 9
 Eric now claims the instruction should have been given contemporaneously with the testimony about the conversations. Since no request for such an instruction was made at the time, we review for plain error. See United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989) (citing Fed.R.Crim.P. 30).
 
 
 10
 In United States v. Rewald, 889 F.2d 836, 865 (9th Cir.1989), cert. denied, 111 S.Ct. 64 (1990), this court found failure to give a contemporaneous instruction was harmless in a case where the evidence was far more prejudicial than in the present case, and by applying a less strict standard of review than is required in the present case. We hold the court's failure to give a contemporaneous limiting instruction does not constitute plain error.
 
 II.
 CROSS-EXAMINATION OF BRADLEY
 
 11
 The cross-examination of Bradley was not unduly limited. Eric and Michael were permitted to examine Bradley about his hopes of striking a deal with the government, but not about the specific number of years he expected his sentence to be without the hoped-for reduction.
 
 
 12
 The district court did not abuse its discretion in thus limiting the examination. See United States v. Brown, 936 F.2d 1042, 1048 (9th Cir.1991) ("The district court is responsible for determining the relevance of a given topic and the extent of cross-examination to be permitted on that topic.").
 
 
 13
 Where the jury has already heard sufficient evidence of bias, it is not an abuse of discretion to limit cross-examination of an accomplice for bias. United States v. Jackson, 756 F.2d 703, 707 (9th Cir.1985). The examination of Bradley for bias was extensive enough to let the jury know of Bradley's hopes for a reduced sentence. The limitation was minimal, and served the further purpose of preventing the defendants from improperly appealing to jury sympathy based on the length of the sentence they were facing. See United States v. Frank, 956 F.2d 872, 879 (9th Cir.1991) ("it is inappropriate for a jury to consider or be informed of the consequences of their verdict"), cert. denied, 1992 U.S. WL 104075 (U.S. Oct. 13, 1992) (No. 91-8230).
 
 III.
 THE SEVERANCE ISSUE
 
 14
 Michael's contention that the district court should have granted his motion to sever is not reviewable on appeal because it was not renewed at the close of the evidence. United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990). "When a defendant fails to renew a motion for severance at the close of the evidence the issue is waived" unless " [the] motion accompanies the introduction of evidence deemed prejudicial and a renewal at the close of all evidence would constitute an unnecessary formality." United States v. Davis, 932 F.2d 752, 762 (9th Cir.1991) (quotation omitted).
 
 
 15
 Michael has not shown that either prong of this exception applies in this case.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3